

**ORDERED in the Southern District of Florida on September 2, 2020.**

A. Jay Cristol, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

JORGE A. DIAZ,

      Debtor.

_____/

Case No. 20-17050-AJC

Chapter 13

## AGREED ORDER TO EMPLOYER TO DEDUCT AND REMIT
## AND FOR RELATED MATTERS

TO:   **Flamingo Graphics, Inc._____(The Employer)**

      **13015 NW 38 Avenue_____**

      **Opa Locka, FL 33054_____**

The above-named debtor has voluntarily filed a petition and plan under chapter 13 of the United States Bankruptcy Code, seeking to pay, in whole or in part, certain debts under the protection of this court. These debts are to be paid by the chapter 13 trustee from the debtor's future earnings. It is public policy that the employer shall

assist in the rehabilitation of the debtor to avoid a chapter 7 liquidation pursuant to 11 U.S.C. § 132

5(b).  Accordingly, pursuant to Local Rule 3070-1(D), this court orders:

1.      The employer immediately shall begin withholding from wages, salary, commission, or other earnings or income of said debtor **$485.55 per month** and remit this amount by check (with the debtor's name and case number indicated on the check) payable to following assigned chapter 13 trustee: (indicate assigned trustee by checking the applicable box):

    __X__  **Nancy K. Neidich, P.O. Box 2099, Memphis, TN 38101-2099**

2.      The employer is enjoined and restrained from discharging, terminating, suspending, or discriminating against the debtor for any reason whatsoever in connection with the filing of the chapter 13 petition or this wage-deduction order, the employer is ordered further to notify the trustee of the discharge, termination, suspension, or discriminatory action, and the specific reason(s).

3.      If a summons of garnishment concerning the debtor has been served on the employer, this chapter 13 case automatically enjoins and stays the continuation of that garnishment proceeding pursuant to 11 U.S.C. § 362(a); and the employer is enjoined and stayed from making any further deductions from the debtor's earnings on account of the garnishment, and is ordered to remit immediately to the chapter 13 trustee any sums already deducted and not yet paid over to the garnishment court.

4.      This order supersedes any previous order of garnishment or other order issued with respect to the debtor's wages, except for income deduction orders regarding child support, alimony and related support arrearages.  Such support orders shall remain in full force and effect.  Failure to comply with the provisions of this order may result in an order to show cause why said employer should not be found in contempt of

LF-75 (rev. 02/07/13)

this court.

5.      The debtor shall mail a copy of this order to any garnishment court with an action against the debtor and any garnishing creditor.  The attorney for the debtor or the clerk of court, if the debtor is pro se, must serve copies on the employer.  A certificate of service in accordance with Local Rule 2002-1(F) reflecting service on all required parties must be filed with the court.

6.      This order shall be effective immediately upon service on the employer. This order shall remain in full force and effect until modified, suspended or terminated either in writing by the debtor's attorney or by further order of the Court.  This order shall also terminate upon dismissal of this bankruptcy case, conversion of this case to chapter 7, or entry of a discharge of the debtor.

###

Agreed to by: (Both debtor and attorney for debtor, if any, must sign)

_____ (The Debtor)
Jorge A. Diaz
18932 NW 63 Court Circle
Hialeah, FL 33015

_____ (The Debtor's Attorney)
Robert Sanchez, Esq.; 355 W. 49 Street, Hialeah, FL 33012; (305) 687-8008

**Submitted by:**

**Robert Sanchez, Esq.; 355 W. 49 Street, Hialeah, FL 33012; (305) 687-8008**

LF-75 (rev. 02/07/13)